Gregory NESDAHL v. STATE of Arkansas

94-643                                                    890 S.W.2d 596

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*William R. Simpson, Jr.*, Public Defender, by: *Phyllis Edwards*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The state filed a juvenile petition charging Gregory Nesdahl, then age sixteen years old, with theft by receiving, battery in the third degree and carrying a weapon. This appeal deals only with Nesdahl's carrying-a-weapon conviction.

Nesdahl was charged and convicted under Ark. Code Ann. § 5-73-120(a) (1987) which in relevant part provides a person commits the offense of carrying a weapon if he possesses a knife on or about his person, in a vehicle occupied by him, or other-wise readily available for use with a purpose to employ it as a weapon against a person. Knife is defined as any bladed hand instrument that is capable of inflicting serious physical injury or death by cutting or stabbing. § 5-73-120(b)(2). Nesdahl's sole argument is the state's evidence was insufficient to sustain his conviction. Part of his argument is that the trial judge improperly relied on Ark. Code Ann. § 5-73-121(b), a law enacted prior to § 5-73-120(a), which provides if a person carries a knife with a blade three and one-half inches long or longer, this fact shall be prima facie proof that the knife is carried as a weapon. In sum, Nesdahl contends he was not charged under § 5-73-121(b), and the trial judge should not have considered it as a "clarifying statute" when convicting Nesdahl under § 5-73-120.

Aside from Nesdahl's § 5-73-121 argument, we hold that the record contains ample evidence to sustain his conviction under § 5-73-120. On September 26, 1993, at about 1:00 a.m., Officer

Robert Rogers saw a vehicle cross the center line, and stopped it, suspecting a DWI violation. During his investigation, Rogers noticed Nesdahl, a passenger in the vehicle, wearing a Jacksonville Police Department shirt, marked with "trustee" on the back. Rogers asked Nesdahl how he had acquired it, and Nesdahl said he got the shirt at the Jacksonville jail. Rogers pat-searched Nesdahl, and found a double-edged knife inside a sheath concealed under his shirt and positioned in the small part of his back. The knife blade was almost five inches long, and Rogers identified the knife as having gang symbols on it and appearing to be a gang-type weapon.[1] Rogers testified that Nesdahl offered no explanation for having the knife.

In his defense, Nesdahl testified the knife was for hunting, but he admitted he had not been hunting prior to his arrest. Nesdahl further averred that the knife was not on his person when he was arrested, but instead was found in the car afterward.

Here, a conflict of testimony existed which was the trial judge's job to resolve. *Sanders* v. *State*, 317 Ark. 328, 878 S.W.2d 391 (1994). And in making that determination, the trial judge is not required to believe any witness's testimony, especially the testimony of the accused, since he has the most interest in the outcome of the proceedings. *Id.* Furthermore, the court on appeal reviews the record in a light most favorable to the state and sustains the conviction if there is any substantial evidence to support it. *Graham* v. *State*, 314 Ark. 152, 861 S.W.2d 299 (1993). The court has held that circumstantial evidence may constitute substantial evidence. *Davasher* v. *State*, 308 Ark. 154, 823 S.W.2d 863 (1992). For circumstantial evidence to be sufficient to support a finding of guilt in a criminal case, it must exclude every other reasonable hypothesis consistent with innocence, and whether the evidence excludes every other reasonable hypothesis is for the finder of fact to determine. *Id.* The factfinder is permitted to draw any reasonable inference from circumstantial evidence to the same extent it can from direct evidence. *See Harshaw* v. *State*, 275 Ark. 481, 631 S.W.2d 300 (1982).

---

[1] At trial, Nesdahl objected, on relevancy grounds, to the gang-symbol testimony, but does not raise its admissibility as an issue in this appeal. Instead, Nesdahl argues only that no evidence was presented to show his affiliation with a gang or that the knife was more likely to be used as a weapon because it carried the markings.

In viewing the evidence in the state's favor, the record reflects that, at the time of his arrest, Nesdahl possessed a knife bearing a double-edged, nearly five-inch blade which was concealed under his shirt and in the small part of his back. The knife was described as a gang-type weapon. It was 1:00 a.m. and, when searched, Nesdahl offered no explanation for having the knife concealed on his person. Even when testifying at trial that the knife was for hunting, Nesdahl conceded that he had not been hunting prior to his arrest. Based upon this evidence, we cannot say the trial court could not reasonably infer, and therefore conclude, that Nesdahl possessed the knife concealed on his person readily available for use with a purpose to employ it against someone as a weapon. For the foregoing reasons, we affirm.