Danny Lee WARD *v.* STATE of Arkansas

CA CR 98-374                                              981 S.W.2d 96

Court of Appeals of Arkansas
Division III
Opinion delivered November 18, 1998

*Daniel D. Becker* and *Ann C. Hill,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Danny Lee Ward appeals from his convictions of theft by receiving a firearm and possession of a firearm by a felon, for which he was sentenced as a habitual offender to fifteen and ten years, respectively, in the Arkansas Department of Correction. He contends that the trial court erred in denying his motions for directed verdicts of acquit-

tal because neither of the items in question met the statutory definition of a "firearm." We affirm.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Killian v. State*, 60 Ark. App. 127, 959 S.W.2d 432 (1998). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State and will affirm if the finding of guilt is supported by substantial evidence. *Wilson v. State*, 56 Ark. App. 47, 939 S.W.2d 313 (1997). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Argo v. State*, 53 Ark. App. 103, 920 S.W.2d 18 (1996). For the purposes of both statutes that appellant was convicted of violating, our criminal code provides the following definition:

> "Firearm" means any device designed, made, or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use, including such a device that is not loaded or lacks a clip or other component to render it immediately operable, and components that can readily be assembled into such a device.

Ark. Code Ann. § 5-1-102(6) (Repl. 1997).

At trial, Mr. Ralph King, a member of Veterans of Foreign Wars, testified that two M-1 rifles used by the VFW for ceremonial purposes were stolen from his truck on February 25, 1997. Mr. Bill Beck testified that he purchased two rifles from appellant later the same day. On February 26, Mr. Beck met with Mr. King and Detective Tim Smith of the Hot Springs Police Department. Mr. King identified the two rifles purchased by Mr. Beck as the ones that had been stolen from his truck. According to Mr. King, the rifles had been modified to fire only blanks. He testified that, to make the weapons capable of firing live ammunition again, all one would have to do is unscrew the blank adapter and screw on a gas cylinder lock. He testified that the process would require no special tools, just a screwdriver at most, and that the blank adapter on one of the rifles was only "finger tight."

■   Appellant contends that the trial court should have granted his motions for directed verdicts. In particular, he argues that the evidence is insufficient to support a finding that either of the weapons was a "firearm" because they could not then fire live ammunition and would require "substantial modification" to restore that capability. We cannot agree. Indeed, in light of Mr. King's testimony regarding the ease and quickness with which the weapons could be reconverted to live-fire capability, we have no hesitancy in finding substantial evidence to support the finding that the weapons were firearms within the meaning of the statute.

Affirmed.

AREY and JENNINGS, JJ., agree.