Pamela Tatrice HARRIS *v.* STATE of Arkansas

CA CR 00-438                                    35 S.W.3d 819

Court of Appeals of Arkansas
Division IV
Opinion delivered December 20, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sal-lings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Pamela Tatrice Harris brings this appeal from the Pulaski County Circuit Court in which she was found guilty of aggravated assault. In addition, based upon the conviction, the court revoked Harris's 1998 probation on the charge of second-degree battery. She brings this appeal in which she challenges the sufficiency of the evidence used to convict her on the aggravated-assault charge. Her attorney also contends that there are no meritorious grounds that would support an appeal of the revocation of her probation. We affirm the aggravated-assault conviction and the revocation of Harris's probation.

Harris was charged with aggravated-assault after it was alleged that she threatened Monica Utsey and Tamea Utsey with a firearm, creating a substantial danger of death or serious physical injury. Harris waived her right to a jury trial, and at the bench trial, Monica Utsey testified that on March 31, 1999, she was working at Perfect Touch, a beauty salon in the Pike Plaza Shopping Center, washing her sister, Tamea Utsey's, hair. She said Tamea's boyfriend had told them that Harris and her friend, Kelly, were outside, and that Harris had a gun and was looking for Tamea. Utsey and her sister left the beauty shop to confront them. Monica called the police before going outside. She said that they spoke and that "we were not going to turn our backs on our enemies. My sister had just got into it with them earlier," referring to an earlier argument between Harris and Tamea concerning a mutual boyfriend. After they spoke, Harris pulled a gun on them. Someone standing near Harris grabbed the gun out of her hand, and the girls began fighting. Monica described the gun that Harris pulled on them as a silver-colored gun with a black handle. Monica testified that she was standing approximately four or five feet from Harris at the time. Although she testified that she was shocked and felt in danger after Harris had pulled the gun on her, Monica stated that Harris did not do anything that would have made her think that she was cocking the weapon.

Karl Sorrells of the North Little Rock Police Department testified that he was called to a disturbance at the Pike Plaza Shopping Center on March 31, 1999. He said that he had been advised that a gun was involved, that Monica and Tamea both described the gun as chrome-plated, and that Monica had described it as having a black handle. He said that the gun was found, without a magazine,

in Harris's car and that he observed Officer Ford take the gun into custody. The gun, which had a serial number of 434476 and was a Larson .38 caliber, was turned over to the desk officer, who, in turn, turned it over to the property officer. Sorrells testified that the gun had been in the possession of the North Little Rock Police Department, and that he had retrieved it from the property room on the morning of the trial. He said that he broke the seal on the box and that the serial number on the gun was 434476. The gun was then admitted into evidence. He testified that neither Monica nor Tamea asserted that Harris had made any threatening remark when she pointed the gun at them. Monica and Tamea simply stated that Harris had pointed at gun at them.

The State rested, and Harris moved for a directed verdict, contending that neither Monica or Tamea were in substantial danger because, as Officer Sorrells testified, the gun was not loaded, it had not been cocked, and Harris had not made any threatening statements to either Monica or Tamea. Therefore, Harris argued, the State had failed to prove that there was a substantial danger of death or serious physical injury. The court denied the motion. After Harris rested, she renewed her directed-verdict motion, and the court denied the motion.

The court then found her guilty, and it stated,

> I think that clearly it is aggravated assault. I mean, she went in a hostile mood, goes to this lady's place of business, has no reason to be there, other than she is coming to confront this lady. The lady goes out. She points a gun at her. This is certainly putting her in great, feeling of great panic and distress. The gun was found in her presence, in her car, and clearly she had a gun out there that day and she threatened this lady.

The court sentenced Harris to five years in the Arkansas Department of Correction. It also revoked her probation and imposed a sentence of five years, making the sentences run consecutively.

### Aggravated-Assault Conviction

Harris brings this appeal challenging the sufficiency of the evidence used to convict her of aggravated assault. We consider a sufficiency-of-the-evidence argument first in order to preserve an Harris's right to freedom from double jeopardy. *King v. State*, 338

Ark. 591, 999 S.W.2d 183 (1999). A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Johnson v. State*, 326 Ark. 3, 929 S.W.2d 707 (1996); *Penn v. State*, 319 Ark. 739, 894 S.W.2d 597 (1995); *Bennett v. State*, 308 Ark. 393, 825 S.W.2d 560 (1992), *cert. denied*, 514 U.S. 1018 (1995); *Miller v. State*, 68 Ark. App. 332, 6 S.W.3d 812 (1999); *Pettigrew v. State*, 64 Ark. App. 339, 984 S.W.2d 72 (1998). When a defendant challenges the sufficiency of the evidence, we consider only the evidence that supports the .verdict. *Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994);*Moore v. State*, 315 Ark. 131, 864 S.W.2d 863 (1993). We also view the evidence in the light most favorable to the State. *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998); *Dixon v. State*, 310 Ark. 460, 839 S.W.2d 173 (1992). The test is whether there is substantial evidence to support the verdict. *Miller v. State, supra; Jameson v. State*, 333 Ark. 128, 970 S.W.2d 785 (1998). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Ward v. State*, 64 Ark. App. 120, 981 S.W.2d 96 (1998); *Jenkins v. State*, 60 Ark. App. 122, 959 S.W.2d 427 (1998). Resolution of conflicts in testimony and assessment of the credibility of witnesses is for the fact-finder. *Mann v. State*, 291 Ark. 4, 722 S.W.2d 266 (1987); *Stone v. State*, 290 Ark. 204, 718 S.W.2d 102 (1986). Furthermore, the trial court is not required to believe any witness's testimony, especially that of the accused, since he is the person most interested in the outcome of the case. *Ross v. State*, 300 Ark. 369, 779 S.W.2d 161 (1989); *Huff v. State*, 289 Ark. 404, 711 S.W.2d 801 (1986).

Harris argues that the court erred in finding her guilty of the charge because there was neither evidence that she had attempted to fire the gun nor that she had made any threatening remarks to Tamea or Monica. In addition, she argues that when the police officer found the gun, it did not have a magazine. As authority for her argument, Harris cites *Wooten v. State*, 32 Ark. App. 198, 799 S.W.2d 560 (1990), for the proposition that a person does not commit aggravated assault merely by showing the use of a deadly weapon and the creation of apprehension on the part of the victim. In addition, she argues that because the gun was not loaded, she did not create any danger. She cites *Johnson v. State*, 132 Ark. 128, 200 S.W. 982 (1918), for the argument that the mere act of drawing a gun, if accompanied by threats evidencing an intention to use the gun on the person threatened constitutes an assault.

She argues that based upon *Wooten* and *Johnson, supra,* this court should reduce her conviction to assault in the third degree, pursuant to Ark. Code Ann. § 5-13-207 (Repl. 1997).

Arkansas Code Annotated section 5-13-204(a) (Repl. 1997) states:

> A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

■ There is sufficient evidence to uphold Harris's conviction. In *Holloway v. State,* 18 Ark. App. 136, 711 S.W.2d 484 (1986), the appellant was convicted of aggravated assault after he approached two women in a car, asked them for a ride and, when they refused, he pointed a gun in the window of the car. He appealed his conviction, arguing that State failed to prove that the gun he used was loaded. The court wrote:

> In the first place, there was no direct evidence that the gun used in the assault was loaded. The statute defining aggravated assault requires that the accused engage in conduct "that creates a substantial danger of death or serious physical injury to another person." The commentary to the statute states that it is unique to the Arkansas Criminal Code. It is not based upon the use of a deadly weapon or the creation of fear, but requires the creation of substantial danger. However, we think the jury could have found, under the evidence in this case, that an aggravated assault was committed even though there was no direct evidence that the gun was loaded. In a recent case, the Supreme Court of the United States said:
>
> > In addition, the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue. Finally, a gun can cause harm when used as a bludgeon.

*Holloway v. State,* 18 Ark. App. 136, 140, 711 S.W.2d 484, 486 (1986), *overruled on other grounds, Doby v. State,* 290 Ark. 408, 720 S.W.2d 694 (1986), (*citing McLaughlin v. United States,* 106 S. Ct. 1677 (1986)). Furthermore, the court held in *Ball v. State,* 192 Ark. 858, 859, 95 S.W.2d 632, 633 (1936), that "If one present[s] a loaded pistol at another, threatening to shoot him, and being sufficiently near for the shot to take effect, it is an assault. Under such circumstances, the pistol is presumed to have been loaded, and if it

were not, this must be shown in the defense," (quoting from *Keefe v. State*, 19 Ark. 190 (1857)).

■ In the case at bar, Harris, after a previous argument with Tamea, pointed a gun at Tamea and Monica. As in *Holloway v. State*, *supra*, Harris did not verbally threaten the girls, but, as this court has noted, the fact that a gun was pointed at someone is enough to create a substantial danger of death or serious physical injury to another person.

### Revocation of Probation

Appellant's brief also contained an argument that an appeal of Harris's probation revocation lacked merit. This portion of the brief referred to everything in the record that might arguably support an appeal, together with a list of objections made by Harris and ruled on by the court, a record of all motions and requests made by Harris and denied by the court, and a statement of the reasons why counsel considers there to be nothing in the record that will support the appeal.

The State concurred that Harris's counsel had complied with Rule 4-3(j) and that the appeal has no merit. However, the State also noted that Harris apparently was not informed of her right to file a pro se statement of points on appeal as required by Ark. Sup. Ct. R. 4-3(j)(2) when a no-merit brief is filed, but implies that such notification is not necessary where counsel is not seeking leave to withdraw as appellant's counsel. Defense counsel has not sought leave to withdraw as Harris's counsel because she argues in her brief that there is a meritorious defense to Harris's conviction on the aggravated-assault charge. Therefore, defense counsel agrees with the State that she is not required to inform Harris of her right to file a pro se statement of points on appeal since she is not requesting to be relieved as counsel. Harris's counsel maintains that although the directed-verdict motion challenged the sufficiency of the evidence to support Harris's conviction on the felony charge of aggravated assault, she did not specifically argue that the evidence was insufficient to establish that Harris had committed a misdemeanor. Since a misdemeanor conviction is all that is required to justify the court's revocation of Harris's probation, defense counsel has filed a "no-merit" brief with respect to the revocation of Harris's probation.

■ Although our supreme court has held that "[I]n order to file a 'no-merit' brief, the petitioner's attorney must file a motion for permission to withdraw as counsel ... ," *Blue v. State*, 287 Ark. 345, 698 S.W.2d 302 (1985), we think it is not inconsistent with *Blue* to require that when, as in the case at bar, two cases are considered simultaneously by the trial court, one of which results in an appeal that defense counsel considers to be meritorious, and one of which results in an appeal that defense counsel considers to be without merit, the purpose and spirit of Rule 4-3(j) is best served by requiring that appellant be notified of her right to file points on appeal with respect to the "no-merit" case, notwithstanding that defense counsel has not moved to withdraw from representation of the appellant in both cases. Consequently, we directed the clerk of this court to furnish Harris with a copy of the brief and to provide notification to Harris of her right to file a written statement of points in accordance with Rule 4-3(j)(2). A copy of the brief and the required notification was provided to appellant on November 14, 2000, and Harris has not filed a statement of points on appeal.

■ ■ To revoke probation, the burden is on the State to prove the violation of a condition of probation by a preponderance of the evidence. *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998). On appellate review, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Id.* Because, as noted above, there is sufficient evidence to affirm Harris's aggravated-assault charge, there is sufficient evidence to find that she violated the terms of her probation.

In addition to the court finding sufficient evidence to revoke Harris's probation, there were other adverse rulings during the trial and the probation-revocation proceedings.

■ In cross-examining Monica Utsey about the incident, Harris's attorney inquired whether Harris's friend was "attacked and beat[en] down to the ground" by Tamea's sister. The State objected, and Harris's attorney rephrased the question. We have a long-established rule that absent a showing of prejudice, this court will not reverse. *Hall v. State*, 306 Ark. 329, 812 S.W.2d 688 (1991). Because the State rephrased the question and Harris neither objected to the rephrasing of the question nor the answer, we cannot determine that she was prejudiced by the court's ruling.

■ There were several hearsay objections during the proceedings. Before addressing these objections, we note that certain

rules of evidence, including the hearsay rule, are not applicable in revocation proceedings as they would be in a trial. *Miner v. State*, 342 Ark. 283, 28 S.W.3d 280 (2000). Therefore, even if the court had violated a rule of evidence, it would not necessarily warrant a meritorious appeal. However, even if the rules of evidence applied in Harris's revocation proceedings, the court did not err in its rulings that were adverse to Harris. Arkansas Rule of Evidence 801 defines hearsay as: a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

■ One objection occurred when Harris's attorney asked Utsey why she and her sister left the beauty salon and went outside the day of the incident. Utsey stated that she did so because someone had told her that Harris was outside. Harris objected, stating that Utsey's answer was hearsay. The court overruled the objection, stating that the evidence was not admitted for the truth of the matter asserted, that Harris was outside, but rather to show why Utsey went outside. We agree.

■ Another hearsay objection occurred when the State asked Utsey what she had earlier begun to testify to regarding Tamea's boyfriend, and Harris objected, contending that the answer called for hearsay. The State did not restate the question, and Utsey did not answer it. Thus, no prejudice occurred, barring any complaint by Harris on appeal. *Hall v. State, supra.*

■ The final hearsay objection occurred when the police officer began to testify that he seized the gun based upon the description given to him by Monica and Tamea. Harris objected, contending that the officer's testimony constituted hearsay. The court overruled her motion, stating that the question posed did not call for hearsay, rather it was meant to elicit information to explain why the officer seized the gun. We agree that the testimony was not offered for the truth of the matter asserted, and therefore, does not constitute hearsay.

■ Also during Utsey's testimony, after she was asked twice why she went outside the beauty salon, Harris objected, stating that the question had been asked and answered. However, the State argued there was information that had not been conveyed, and the court overruled Harris's objection. At that point, Utsey stated that she went outside not only because Harris was outside, as she had previously stated, but also that she did not want to fight with Harris

inside the beauty shop because the shop was crowded. Thus, the State was seeking to offer testimony not yet presented; therefore, the court was correct in its ruling.

    ■ The last adverse ruling occurred when the State sought to introduce the gun retrieved into evidence. The supreme court has held that if every link in the chain of custody of the gun was not connected, the purpose in establishing a chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582, *supp. op. on reh'g*, 945 S.W.2d 383 (1997). The trial court need only be satisfied that the evidence presented is genuine and that there is a reasonable probability that the evidence has not been tampered with. *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995), *cert. denied*, 517 U.S. 1226 (1996).

    ■ Harris objected to the introduction of the gun, stating that a proper foundation had not been laid. The court sustained the objections. However, after the officer, through whose testimony the State sought to introduce the gun, testified that he had seen another officer write down the serial number of the gun, log the gun in the property room, that he retrieved the gun from the property room under that same number and brought it to court, the court allowed the gun into evidence. Because that constitutes a sufficient chain of custody, we cannot say that the court erred in allowing it into evidence.

There were no other rulings adverse to the appellant. Therefore, from our review of the record and briefs presented, we find there has been full compliance with the requirements of Rule 4-3(j) of the Rules of the Arkansas Supreme Court and the Court of Appeals and that this appeal is without merit.

Affirmed.

ROBBINS, C.J., and NEAL, J., agree.