Nicie Ann DILLEHAY *v.* STATE of Arkansas

CA CR 00-1205                                    46 S.W.3d 545

Court of Appeals of Arkansas
Division I
Opinion delivered June 6, 2001

*James P. Clouette*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. A jury found Nicie Ann Dillehay guilty of aggravated assault and carrying a weapon and sentenced her to a total of eighteen months in the Arkansas Department of Correction. For reversal, appellant argues that (1) there was insufficient evidence to sustain her convictions and, accordingly, the trial court erred by denying her directed-verdict motion; and (2) she was denied a speedy trial and, therefore, the trial court erred by denying her motion to dismiss the criminal information commensurate with Ark. R. Crim. P. 28.1. We affirm.

On December 26, 1998, appellant was arrested and placed into custody. A criminal information was later filed on August 4, 1999, alleging that on or about December 26, 1998, appellant committed the offenses of aggravated assault, Ark. Code Ann. § 5-13-204 (Repl. 1997), and carrying a weapon, Ark. Code Ann. § 5-73-120 (Repl. 1997). The case was scheduled for a jury trial on March 16, 2000. On that date, appellant moved to dismiss the charges against

her, alleging a violation of her right to a speedy trial commensurate with Ark. R. Crim. P. 28.1. The trial court denied appellant's motion, and the case proceeded to trial.

The State's first witness was Joshua Pinkerton, the victim, who testified that on December 26, 1998, he was driving his vehicle on Bracey Road when a woman in a truck "flipped [him] off." According to his testimony, he first thought that the person making the gesture was a friend teasing him, and he pulled off the road. At that time, the driver, identified at trial as appellant, exited the truck and pointed a gun at him. Realizing that appellant was not a friend, Pinkerton drove away, but was then pursued by appellant. Pinkerton then pulled into a gas station, and appellant again pointed the gun at him. He called the 911 operator and described what had transpired. At that time, appellant began to drive away, and Pinkerton followed and obtained an exact car-tag number. Later that day, a law enforcement officer found and arrested appellant.

Deputy Sheriff Eric Frazier testified that at approximately five o'clock p.m. on December 26, 1998, he received a mobile telephone call from a person stating that someone had pointed a weapon at him while he was on the roadway. After he obtained the tag number, the officer made contact with appellant, who denied having a gun in her vehicle. However, the officer, following a consensual search of the truck, found in the glove box of the vehicle a chrome-plated .25 semi-automatic weapon with a loaded magazine and one round chambered. The safety on the gun was off, and it was ready to be fired. The officer determined that appellant did not have a permit to carry the weapon.

Following Officer Frazier's testimony, the State rested, and appellant moved for a directed verdict. Specifically, appellant argued that the State had failed to prove beyond a reasonable doubt that the event occurred or that she acted with extreme indifference to the value of human life with the purpose of endangering a person's life. The trial court denied appellant's directed-verdict motion.

In her case-in-chief, appellant called the victim as a witness. Following his testimony, appellant rested and renewed her directed-verdict motion, which was also denied by the trial court. A jury found appellant guilty and sentenced her to serve eighteen months for aggravated assault and carrying a weapon. From these convictions, comes this appeal.

### I. Sufficiency of the evidence

■ In an effort to avoid potential double-jeopardy concerns on remand, we do not consider errors by the trial court until we first consider a challenge to the sufficiency of the evidence. *See Harris v. State*, 284 Ark. 247, 249-250, 681 S.W.2d 334, 335 (1984). On this point, appellant argues for reversal that the trial court erred by denying her directed-verdict motion because there was insufficient evidence to sustain the convictions of aggravated assault and carrying a weapon. Our review is governed by the standard expressed in *Flowers v. State*, 342 Ark. 45, 48, 25 S.W.3d 422, 425 (2000) (citations omitted), which stated:

> A motion for a directed verdict is a challenge to the sufficiency of the evidence. The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict.

The trial court denied appellant's directed-verdict motion, reasoning that the State had made a *prima facie* case for the alleged charges. Upon review, we conclude that the denial of the directed-verdict motion was proper.

### 1. Aggravated assault

■ The crime of aggravated assault is defined by Ark. Code Ann. § 5-13-204, as a crime that occurs when "[a] person . . . under circumstances manifesting extreme indifference to the value of human life, . . . purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person." The evidence presented at trial, when viewed in a light most favorable to the State, reveals that appellant pointed a gun at another person. In addition, the evidence reveals that soon thereafter a police officer found a loaded gun in appellant's possession in which the safety feature was disengaged. We conclude that under the facts and circumstances of this case, there was a viable jury question of whether appellant had committed the crime of aggravated assault and conclude that the denial of the directed-verdict

motion for this charge was proper. *See Harris v. State*, 72 Ark. App. 227, 35 S.W.3d 819 (2000).

### 2. Carrying a weapon

■ The crime of carrying a weapon is defined by Ark. Code Ann. § 5-73-120(a), as a crime that occurs when "[a] person . . . [who] possesses a handgun . . . on or about his person in a vehicle occupied by him, or otherwise readily available for use with a purpose to employ it as a weapon against a person." The evidence presented at trial, when viewed in a light most favorable to the State, reveals that appellant, without a permit, had in her vehicle and in her possession a handgun.[1] Furthermore, the evidence reveals that appellant, in fact, pointed a gun at another person, which could be evidence that the purpose of the handgun was for use against a person. Therefore, we conclude that under the facts and circumstances of this case, there was a viable jury question of whether appellant had committed the crime of carrying a weapon and that the denial of the directed-verdict motion for this charge was proper. *See Nesdahl v. State*, 319 Ark. 277, 890 S.W.2d 596 (1995); *McGuire v. State*, 265 Ark. 621, 580 S.W.2d 198 (1979); *Clark v. State*, 253 Ark. 454, 486 S.W.2d 67 (1972).

### II. Speedy trial

For her next argument, appellant contends that she was denied a speedy trial in violation of Ark. R. Crim. P. 28.1 and, therefore, the trial court erred by denying her motion to dismiss. While appellee agrees that appellant was brought to trial more than twelve months from the time of her arrest, the State contends that a sufficient period of time should be excluded from the speedy-trial calculation to warrant an affirmance of the trial court's decision. We agree with appellee.

The right to a speedy trial is expressed in the Bill of Rights, U.S. Const. amend. 6, and guaranteed to state criminal defendants by the Fourteenth Amendment, *Klopfer v. North Carolina*, 386 U.S.

---

[1] State's exhibit 1 (a photograph of the weapon in appellant's possession) plainly reveals that the weapon at issue was a handgun, as defined by Ark. Code Ann. § 5-73-120(b)(1), which provides that a handgun "means any firearm with a barrel length of less than twelve inches (12") that is designed, made, or adapted to be fired with one (1) hand . . . ."

213 (1967). In Arkansas, this right is further defined by Ark. R. Crim. P. 28.1(c), which in pertinent part provides:

> Any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. . . .

Time, for these purposes, commences to run in accordance with Ark. R. Crim. P. 28.2, which in pertinent part provides:

> [F]rom the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest . . . .

However, there are certain periods of time that are excluded from the calculation, and such exclusions are governed by Ark. R. Crim. P. 28.3, which states: "The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant. . . ."

Appellant was arrested on December 26, 1998, and her trial was conducted 446 days later on March 6, 2000. While both parties agree that appellant's mental evaluation[2] requires a modification of the initial speedy-trial calculation, they are in disagreement with regard to the exact number of days that should be excluded. Their dispute centers on whether the excluded period began on the day the trial judge ruled from the bench that appellant was to undergo mental evaluation, November 29, 1999, or the day the order for her mental evaluation was entered, December 16, 1999. Under the

---

[2] According to the register of actions found in the record, this was deemed an "Act III" request; however, the authority upon which the examination was based, according to the entered order, is found at Ark. Code Ann. § 5-2-305 (Repl. 1997), which is the codification of several acts, none of which are designated as "Act 3." Apparently, the vernacular "Act III" comes from Initiated Act 3 of 1936, which, in Section Eleven, permits the commitment of criminal defendants to the state hospital for evaluations when the defense of insanity is either raised or "the circuit judge has reason to belief that the defense of insanity will be raised . . . ."

former calculation, there would be no speedy-trial violation. However, under the latter calculation, which is championed by appellant, the trial would have been conducted 372 days following her arrest and, consequently, would have been in violation of her right to a speedy trial.

We conclude that the excluded period of time, as defined by Ark. R. Crim. P. 28.3, began to run on the day the trial judge ruled from the bench that appellant was to undergo a mental evaluation. While it is true that the order embodying this determination was entered seventeen days after the hearing in which the motion was granted, we are not disposed to conclude that the entry of the order is critical to a speedy-trial determination in this case. The Rule merely requires that speedy trial can be tolled by a "period of delay resulting from . . . an examination and hearing on the competency of the defendant . . . ." Ark. R. Crim. P. 28.3. Arguably the trial judge's order was not effective until it was entered; however, the question of whether the order was enforceable is not before us. Instead, we must merely determine whether the proceedings at issue constituted a permissible period of delay that tolled the speedy-trial period.

Here, the trial judge's order from the bench began a period of delay that is specifically recognized under the law. We note that Rule 28.3 neither requires that the trial judge's orders be entered to constitute a period of delay nor does it require that the request for a mental evaluation be made by the defendant[3] in order for the speedy-trial calculation to be tolled. Accordingly, we hold that the trial court did not err by denying appellant's motion to dismiss.

However, in so holding, we are not establishing a principle that there can never be a speedy-trial violation if the State seeks a mental evaluation of a criminal defendant and, thereafter, fails to have the trial court's order reduced to writing and entered. A criminal defendant is guaranteed a speedy trial, and the State cannot unreasonably delay a defendant's trial by purposefully failing to enter orders that reflect the trial judge's will. To conclude otherwise would expose criminal defendants to potential abuse, which we must endeavor to avoid. However, in this instance, it has neither been argued nor do we conclude that the State's actions constituted a violation of this principle.

---

[3] The record reveals that the State made the request for appellant's mental evaluation.

Affirmed.

STROUD, C.J., and CRABTREE, J., agree.