# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2506

———————

United States of America,        *
                             *

        Appellee,        *

                             *   Appeal from the United States

      v.                 *   District Court for the

                             *   Eastern District of Arkansas.

Tony Robinson,           *

                             *

        Appellant.      *

———————

Submitted: January 13, 2012
Filed: March 8, 2012

———————

Before BYE, SMITH, and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Following a bench trial, Tony Robinson was convicted of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, he challenges the district court's[1] denial of a motion to suppress evidence. We affirm.

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

I.

During the early morning hours of September 26, 2009, Tony Robinson was expelled from a nightclub in Little Rock, Arkansas, after he engaged in an altercation with another person inside the club. After the club's owner asked that Robinson be removed, Robinson continued to argue with another patron in the club. Alicia Smith, an off-duty police officer, was providing security at the club that morning, and she followed Robinson out of the club to ensure that he left the property. Robinson returned shortly thereafter. A security guard at the club notified Smith that Robinson was carrying a gun in his hand when he returned, and that he entered a white car. Officer Smith then conveyed this information to Sergeant Dan Brown, another police officer working at the club that morning.

Smith was able to see the white car as it departed the club. She and Brown stopped the vehicle just one-half block away from the club. The officers directed Robinson and a passenger to exit the vehicle, conducted a pat-down search, and questioned the two. Robinson denied having a weapon. Police then placed Robinson and the passenger in the back of the patrol car and ran a computer check for outstanding warrants. The officers discovered that Robinson was a convicted felon and that there were several outstanding warrants for his arrest. Officer Smith then returned to the vehicle and noticed a handgun sticking out from under the driver's seat. Officers arrested Robinson on the outstanding warrants and for unlawful possession of a firearm as a convicted felon, in violation of Ark. Code Ann. § 5-73-103(a)(1). An inventory search of the white car revealed a pistol under the driver's seat.

A federal grand jury indicted Robinson for unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Robinson moved to suppress the handgun, and the district court denied the motion

without a hearing. The court found Robinson guilty after a bench trial, and sentenced him to 235 months' imprisonment.

On appeal, Robinson argues that the handgun should have been suppressed because the police lacked reasonable suspicion to effect a traffic stop, and exceeded the permissible limits of an investigative stop by placing him in the patrol car.

II.

Robinson first contends that the traffic stop violated the Fourth Amendment because the police did not have sufficient grounds to justify the stop. A law enforcement officer may conduct an investigative stop of a vehicle if the officer "has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). We review *de novo* the district court's determination that reasonable suspicion existed. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

We consider the totality of the circumstances when determining whether an officer has a particularized and objective basis to suspect wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). We bear in mind that law enforcement officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.* Other factors—such as the "time of day or night" and "location of the suspect parties"—may also support the reasonableness of an officer's decision to investigate. *United States v. Dawdy*, 46 F.3d 1427, 1429 (8th Cir. 1995).

Reasonable suspicion may be based in whole or in part on hearsay information. The Supreme Court long ago rejected the notion that reasonable suspicion "can only be based on the officer's personal observation, rather than on information supplied by another person." *Adams v. Williams*, 407 U.S. 143, 147 (1972). Police may rely on

the tip of an informant, *id*. at 146-47, and the degree of corroboration required to establish reasonable suspicion depends on whether the informant's reliability has been established. *United States v. Nolen*, 536 F.3d 834, 840 (8th Cir. 2008). The information here was provided by a security guard, an "informant" who "is not just any eyewitness." *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). Given the security guard's position and responsibility to his employer, the risk that he will pursue a private agenda or embarrass an honest patron is smaller than when a previously unknown citizen provides a tip. *Id.* And especially in a situation like this one, where police officers work directly with private security guards to keep a location secure, the police have reasonable grounds to believe the guard.

Applying those standards here, we conclude that the police had reasonable suspicion to detain Robinson. In Arkansas, a person commits the crime of "carrying a weapon" if he possesses a handgun with a purpose to employ the handgun against a person. Ark. Code Ann. § 5-73-120(a). The security guard informed Officer Smith that Robinson had returned to the club with a gun in his hand, just shortly after an altercation that led to his ejection from the club, and entered a white car. Smith corroborated one aspect of the information when she observed the car described by the security guard as it was leaving the club. In light of these facts, it was reasonable for the police to suspect that Robinson was carrying a firearm in the immediate vicinity of the club with a purpose to employ it against another. *See Nesdahl v. State*, 890 S.W.2d 596, 598 (Ark. 1995). This suspicion gave the officers grounds to detain Robinson for investigation.

Robinson also contends that evidence of the handgun should be suppressed because the officers exceeded the permissible limits of an investigative stop by handcuffing him and placing him in the back of a squad car. He raises this argument for the first time on appeal. Assuming that the point is merely forfeited and not waived, *see United States v. Thompson*, 403 F.3d 533, 537 n.4 (8th Cir. 2005), we find no merit in Robinson's claim of plain error.

While an investigative stop must be limited in scope and manner, there is "no 'litmus-paper test' or 'sentence or paragraph' rule to determine when, given the 'endless variations in facts and circumstances,' police-citizen encounters exceed the bounds of mere investigative stops." *United States v. Jones*, 759 F.2d 633, 636 (8th Cir. 1985) (quoting *Florida v. Royer*, 460 U.S. 491, 506 (1983) (plurality opinion)). It is well established, however, that police officers may handcuff a suspect and place him in a patrol car during an investigative stop in order to protect their personal safety and maintain the status quo. *See United States v. Smith*, 645 F.3d 998, 1002-03 (8th Cir. 2011).

Here, officers had specific information that Robinson possessed a firearm just minutes earlier, and they knew that Robinson was potentially intoxicated or hostile. It was reasonably necessary for police to secure the suspect to foreclose the possibility that Robinson would gain control of the firearm and threaten the officers' safety. The police, therefore, did not exceed the permissible bounds of an investigative stop in handcuffing him and placing him in the patrol car.

\* \* \*

The judgment of the district court is affirmed.

_____