Cite as 2019 Ark. App. 509

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-467

| | |
|---|---|
| MISTY SHIRLONDIA MARTIN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 6, 2019<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-18-152]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

A Miller County Circuit Court jury found appellant Misty Martin guilty of possession of crack cocaine and possession of drug paraphernalia. She was sentenced as a habitual offender to consecutive prison terms of nine years for possession of crack and three years for possession of drug paraphernalia. Her sole point on appeal is that the evidence was insufficient to support her conviction for possession of drug paraphernalia. We hold that substantial evidence supports the jury's verdict, and we affirm.

In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Malone v. State*, 364 Ark. 256, 261, 217 S.W.3d 810, 813 (2005). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict and consider only evidence supporting the verdict. *Id.*

Officer Peyton Harris of the Texarkana, Arkansas, Police Department testified that on February 13, 2018, he was patrolling the Rondo Cemetery due to reports of vandalism and narcotics in the area when he approached a parked car. The driver, Doyle Furqueron, got out of the car and started walking toward the tombstones; appellant was sitting in the passenger seat. Officer Harris approached Doyle and asked what he and his passenger were doing. Doyle replied that they were visiting family. Officer Harris then asked Doyle if there was anything illegal in the car. Doyle said no and gave Harris permission to search the car.

Officer Harris testified that he discovered a baggie containing a "white rock substance" he believed to be crack cocaine in the passenger-door armrest and a crack pipe under the edge of the passenger seat that appeared to contain an unsmoked white residue. Both Doyle and appellant denied that either of the items belonged to them. Appellant was charged and taken into custody.

Officer Lester Colley, a detective with the Bi-State Narcotics Task Force, testified that he interviewed appellant the next day, and she told him that the crack cocaine found in the car belonged to her. She denied that the crack pipe was hers. She also told him that she was "fixing to smoke" the crack cocaine. Appellant testified at trial, admitting that she owned the crack cocaine found in the car but denying that she was the owner of the crack pipe. She said that she had not known the pipe was in the car when she got in.

Possession may be established by proof of actual possession or constructive possession. *Martin v. State*, 2019 Ark. App. 19, at 5, 567 S.W.3d 558, 561. Because appellant did not physically possess the crack pipe when it was discovered, the State was required to prove that she constructively possessed the pipe. To prove constructive possession, the State must

establish that the defendant exercised "care, control, and management over the contraband." *McKenzie v. State*, 362 Ark. 257, 263, 208 S.W.3d 173, 175 (2005). While constructive possession may be implied when the contraband is in the joint control of the accused and another, joint occupancy of a car, standing alone, is not sufficient to establish possession. *Malone*, 364 Ark. at 261, 217 S.W.3d at 813. There must be some other factor linking the accused to the contraband. *Id.* Other factors to be considered in cases involving vehicles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Lockheart-Singleton v. State*, 2018 Ark. App. 307, at 5. There is no requirement that all, or even a majority, of the linking factors be present to constitute constructive possession of the contraband. *Id.*

Here, appellant admitted that the crack found in the passenger–side armrest was hers. Officer Harris discovered the crack pipe under the front edge of the seat appellant had been sitting in immediately before the search. Appellant initially denied that either the crack or the crack pipe belonged to her. She admitted the day after the search that the crack belonged to her and said she had been "fixing to smoke" it when asked her intentions about the crack. Although appellant denied that the pipe belonged to her, the resolution of conflicts in testimony and assessment of the credibility of witnesses is for the jury. *Harris v. State*, 72 Ark. App. 227, 232, 35 S.W.3d 819, 823 (2000). It was not required to believe any witness's

3

testimony, especially appellant's, since she was the person most interested in the outcome of the case. *Id*. We hold that substantial evidence supports the jury's verdict.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.